J-A21014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON BAEZ | : | No. 169 EDA 2021 |

Appeal from the Order Entered December 11, 2020
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001739-2019

BEFORE:   KUNSELMAN, J., NICHOLS, J., and STEVENS, P.J.E.[*]

DISSENTING STATEMENT BY STEVENS, P.J.E.: **FILED DECEMBER 01, 2021**

I respectfully dissent from the Majority's disposition in this matter.  My review of the record simply does not support the Majority's conclusion that the suppression court did not abuse its discretion in failing to deny Appellee's ***omnibus*** suppression motion as untimely.

Pennsylvania Rule of Criminal Procedure 579(A) provides that a defendant must file and serve a suppression motion "within 30 days after arraignment, unless opportunity therefor did not exist, or the defendant or defense attorney … was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown." Pa.R.Crim.P. 579(A).  Pursuant to Rule 581(B), if the defendant files an

_____

[*] Former Justice specially assigned to the Superior Court.

untimely suppression motion, "the issue of suppression of such evidence shall be deemed to be waived," unless the opportunity to raise such issue did not previously exist or the suppression court excuses the defendant's tardiness in the "interests of justice." Pa.R.Crim.P. 581(B).

> The interests of justice exception provides a trial judge with discretion to excuse a party's tardy presentation of a suppression motion. The factors to be considered should include the length and cause of the delay, the merits of the suppression claim, and the court's ability, considering the complexity of the issues and the availability of the witnesses, to hold the hearing promptly.

***Commonwealth v. Castro, Jr.***, 2020 WL 1231630, at *2 (Pa.Super. 2020) (citations and internal quotation marks omitted).

The trial court should invoke the "interests of justice" exception when "the merits of counsel's [untimely] motion [are] so apparent that justice require[s] that it be heard." ***Commonwealth v. Hubbard***, 372 A.2d 687, 693 (Pa. 1977), ***overruled on different grounds***, ***Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002).

Contrary to the Majority, my review of the record in this matter reveals that the suppression court abused its discretion in concluding that the interests of justice warranted consideration of Appellee's untimely suppression motion.

The record reflects that Appellee failed to file his suppression motion within the 30-day period provided for in Rule 579(A) and otherwise did not meet any of the timeliness exceptions under Rule 581(B). Appellee was

arraigned on September 4, 2019 and had until October 4, 2019 to file a timely suppression motion. Appellee filed his suppression motion on April 16, 2020, which was 195 days past the deadline, and thus, patently untimely.

In his untimely suppression motion, Appellee sought to suppress a firearm seized from his backpack by a third party ("Christine Monaco") and various incriminating statements he made to police. *See* "Omnibus Pretrial Motion," 4/16/20 at ¶¶ 3-17. The Commonwealth aptly notes that "[t]hese issues were known to [Appellee] early in the case, arguably at the time of his arrest and disclosed in the police incident report provided in the initial discovery." Commonwealth's Brief at 18.

Moreover, the record reflects that Appellee neither explained the apparent untimeliness of the motion nor showed good cause for the lengthy, 195-day delay. At no point in the proceedings did Appellee request an extension of time to file a timely suppression motion, despite appearing before the court on multiple occasions.

Despite the shortcomings in Appellee's untimely suppression motion, the Majority found that the suppression court properly excused the untimely filing in the "interests of justice," noting that the merits of the motion were apparent. I do not agree that they are.

On the contrary, a review of Appellee's sparse, 2-page suppression motion reveals that he failed to articulate sufficient facts that would have rendered apparent the merits of the motion, namely that Christine Monaco

was somehow acting as an agent of the state when she searched Appellee's bag. *See e.g.*, *Hubbard*, 372 A.2d at 695 (noting that the "interests of justice" exception does not require that a defendant's untimely suppression motion be heard when the merits of the suppression issue are not apparent).

Accordingly, I find that the suppression court did not have a proper basis for applying the "interest of justice" exception to the timeliness requirement of Rule 579(A) to excuse Appellee's untimely suppression motion.

Based on the foregoing, I would vacate the order granting Appellee's suppression motion and remand this case for further proceedings. Therefore, I respectfully dissent.